IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DEAN STILL, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:06-0167 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| MICHAEL FINNERTY, LUDWIG FLEMMING, LINDA FINNERTY, AND KMB SHAMROCK, INC., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before me is Plaintiff's Motion for Appointment of Counsel (Doc. 10).

Plaintiff notes that he was previously represented by counsel, but that representation was discontinued subsequent to the EEOC's dismissal of administrative proceedings involving the allegations in the complaint. (See Doc. 1, attached to Doc.1).

Plaintiff alleges in his motion that he has been unable to retain counsel (Doc. 1). *In forma pauperis* status has been granted to the plaintiff (See Doc. 4).

**DISCUSSION**

The Plaintiff, an African American, alleges that he was discriminated against in the workplace. He specifically alleges that two Caucasian drivers were appointed to the position of supervisor without the vacancies having been posted so as to allow him to apply for the position. He also alleges that another Caucasian driver was appointed in the same manner. Again, Plaintiff alleges he was not given the opportunity to compete for the

positions. He also alleges that he was involved an automobile accident in January 2004 while on the job. He was released to light duty work later in the month of January. He alleges that Defendant refused to allow him to return to work and claimed that it did not have a light duty program. He alleges discrimination in this regard as well, as white employees, including drivers, have been assigned light duty in the past.

While there is no constitutional or statutory right to counsel for civil litigants, it is within the discretion of the District Court to appoint counsel pursuant to 28 U.S.C. § 1915(e). *Parham v. Johnson*, 126 F.3d 454, 457-586-57 (3d Cir. 1997)(discussing § 1915(d), now § 1915(e)). To determine whether or not to appoint counsel, I must consider the six factors outlined by the Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), namely, (1) the ability of the party to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the party to pursue such an investigation; (4) the amount or degree to which a case is likely to turn on the credibility of the witnesses; (5) whether the case will require the testimony of expert witnesses; and, (6) whether the party can attain or afford counsel on his or her own behalf. *Parham*, 126 F.3d at 457-58 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5.). The list is not exhaustive and the decision to appoint counsel should be made on a case by case basis after considering all relevant factors. *Tabron,* 6 F.3d at 158, 159. Before reaching the *Tabron* factors, it is necessary to determine whether the case has arguable merit. *Id.* at 155.

As indicated the plaintiff has alleged discrimination in the workplace both because he has been denied the ability to compete for a promotion and because he has not been

afforded light duty work.  In both instances, he alleges that Caucasian workers were permitted to compete for the position that he was not permitted to compete for and indeed one or more got the positions and regarding light duty work, he alleges discrimination in that white workers have been given light duty work under similar circumstances.  It is my view that there is arguable merit to the plaintiff's case based upon the pleadings. Therefore, I will consider the *Tabron* factors.

1. <u>The Ability to Present the Case</u>.  The complaint is written clearly and adequately to express the claims.

2. <u>Whether the Legal Issues are Complex</u>.  The complaint raises two fairly straightforward discrimination claims.  One is essentially a failure to allow the plaintiff to compete for a promotion, and the second is a claim that he was discriminated against in the inability to perform light work when Caucasian workers were permitted to perform light work under similar circumstances.

3. <u>Need for Factual Investigation</u>.  It is not clear that there is any great need for a factual investigation, since the Plaintiff has alleged the circumstances supporting his claim.

4. <u>Need for Expert Testimony</u>. It doesn't appear that this case will require any expert testimony.

5. <u>The Ability to Pay</u>.  Since plaintiff has been granted *in forma pauperis* status, he does not have the means to pay for counsel.

6. <u>Whether the Case Will Turn on Credibility</u>.  There is no doubt there will be credibility issues, however, there do not appear to be any special circumstances

3

that would appear to make cross examination of witnesses unusually difficult for a *pro se* plaintiff. Simply because there may be some credibility issues is not enough to mitigate in favor of appointing counsel since that is a circumstance that exists in virtually every civil rights case and consequently every individual would be entitled to the appointment of counsel. As the Third Circuit Court of Appeals has emphasized, volunteer lawyer time is a scarce resource which should not be expended indiscriminately. *Parham v. Johnson*, 126 F.3d. at 458. The courts have an obligation to strive to ensure that this resource is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of assistance of counsel. *See Tabron v. Grace*, 6 F.3d at 157. The present action is not such a case.

## **CONCLUSION**

The factors here weigh in against the appointment of counsel and therefore the motion will be denied.

An appropriate order follows:


Date: <u>May 10, 2006</u>                                          s/ A. Richard Caputo
                                                                            A. Richard Caputo
                                                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DEAN STILL, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:06-0167 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| MICHAEL FINNERTY, LUDWIG FLEMMING, LINDA FINNERTY, AND KMB SHAMROCK, INC., | : | |
| | : | |
| Defendants | : | |

## **ORDER**

NOW, this 10th day of May, 2006, Plaintiff's Motion for the Appointment of Counsel (Doc. 10) is **DENIED.**

                                            s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge